IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK ANGELO MOORE, Jr., #52359-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No.  RDB-15-2442 |
| | | Criminal Action No. RDB-10-491 |
| UNITED STATES | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Mark Angelo Moore's Motion to Vacate, Set Aside or Correct. (ECF 576). Respondent filed an opposition and moves for denial of the Motion as time-barred. (ECF 591). Moore filed a Reply in which he maintains the Motion is timely. (ECF 596).

The matter is briefed and ready for disposition. No hearing is necessary to resolve this case.  Local Rule 105.6. (2014); *see also* Rule 8 of the Rules Governing §2255 Proceedings.  For reasons to follow, the Motion will be DENIED and DISMISSED as time-barred. A Certificate of Appealability will not issue.

**BACKGROUND**

On August 4, 2011, Moore pled guilty to conspiracy to distribute and possess with the intent to distribute 5 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §846.  As part of the plea agreement, the parties stipulated and agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) (commonly referred to as a "C plea") that a 144- month sentence of imprisonment was appropriate, based on Petitioner's status as a career offender pursuant to USSG §4 B1.1.

On November 9, 2011, this Court sentenced Moore to 108 months of imprisonment, notwithstanding his "C plea." Moore did not note an appeal of his conviction or sentence.[1]

Moore's Motion to Vacate was received by the Clerk for filing on August 17, 2015. (ECF 576).[2] On September 8, 2015, this Court ordered Respondent to file a limited response addressing the timeliness of the Motion. (ECF 586). On October 14, 2015, the Government responded, seeking denial of the Motion to Vacate as time-barred (ECF 591), and Moore replied on November 30, 2015. (ECF 596).

## DISCUSSION

### A. ONE-YEAR LIMITATIONS PERIOD

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. The one-year period may be equitably tolled. *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying

---

[1] In the plea agreement, Moore waived his right to appeal with certain exceptions, none of which Moore alleges applies here.

[2] The Motion was signed, dated, and placed in the prison mailing system on August 17, 2015. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (stating the "mail box rule" applies to §2255 petitions, thus an inmate's motion is considered timely if deposited in the prison's internal mailing system on or before the last day for filing); *see also* Rules Governing Section 2255 Proceedings, Rule 3(d) (providing the Motion is deemed filed on the date it is placed in the prison mail system).

equitable tolling to the one-year limitation period in 28 U.S.C. §2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

The Government avers the one-year limitations period started to run on the date Moore's judgment of conviction became final. Finality for the purpose of 28 U.S.C. §2255(f)(1) attaches when the United States Supreme Court "affirms [that] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *United States v. Clay*, 537 U.S. 522, 527–28 (2003). Moore did not file an appeal; thus, his conviction became final 14 days after entry of judgment when the time for filing a notice of appeal expired. *Id.* at 527; *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001); see *also* Fed. R. App. P. 4(b)(1)(A) (providing to fourteen days to file an appeal). Under the facts presented here, Moore's limitations period started to run on November 23, 2011, and expired one year later on November 23, 2012. When Moore filed the Motion to Vacate on August 17, 2015, some thirty-two months had already elapsed since the expiration of the one-year limitations period. Accordingly, the Motion was untimely filed.

Moore counters the limitations period began to run not on the date judgment became final but rather on the date the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4). "Section 2255(f)(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). Instead, §2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final, to the later date on which the particular claim accrued." *Id.* (internal citation omitted). Moore "asserts he was not able to appreciate that his claims were ripe at the time [he was sentenced]."

3

(ECF 576, p. 5). He faults counsel for not informing him of "any appeal or error by the Court." *Id*.[3] Specifically, Moore argues counsel's failure to challenge Moore's "leadership role" in the offense at sentencing and counsel's failure to file necessary appeals, "deprived" him of his "constitutional rights." (ECF 596, p. 1). Moore claims he did not learn of counsel's error until September of 2015, although his co-defendant was sentenced in September of 2014. *Id*. at 3.

The fact that Moore became aware two years after sentencing that a co-defendant was sentenced to a lesser term of incarceration does not provide a basis for calculating the running of the one-year limitations period under 28 U.S.C. §2255(f)(4) or equate to ineffective assistance of counsel. New legal holdings, other than rulings in the petitioner's own case, do not constitute new "facts" under § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-87 (4th Cir. 2014) (en banc). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id*. at 184, quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Moore is complaining about facts that were known to him at sentencing or shortly thereafter, and fails to allege any new fact that would allow him to benefit from §2255(f)(4). Consequently, Moore may not rely on 28 U.S.C. §2255(f)(4) to set the date for running the one-year limitations period.

### B. EQUITABLE TOLLING

Moore's Motion to Vacate was untimely filed and must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida,* 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (*en banc*). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*,

---

[3] Moore does not challenge the entry of his plea or claim he asked counsel to appeal his judgment of conviction or sentence.

364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); *Holland*, 560 U.S. at 649–54. A petitioner is entitled to equitable tolling if he demonstrates that he has been pursuing his rights diligently, and an extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir.2000) (equitable tolling should be "sparingly granted"). "An inmate asserting equitable tolling 'bears a strong burden to show specific facts' that demonstrate he fulfills both elements of this test." *Smith v. Virginia*, Civ. No. 3:12-CV148, 2013 WL 871519, at *3 (E.D.Va. Mar. 8, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal marks omitted)).

Moore offers no evidence to show extraordinary circumstances prevented him from timely filing his Motion. He does not show he was prevented from asserting his claims by wrongful conduct on the part of the government or an extraordinary circumstance beyond his control made it impossible for him to timely file claims his claims. Further, Moore's lack of familiarity with the legal process does not constitute a basis for equitable tolling. *Sosa*, 364 F.3d. 507, 512 (4th. Cir. 2004). In sum, Moore has not met his burden to demonstrate extraordinary circumstances to warrant equitable tolling.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a motion to vacate under §2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. §2253(c)(1)(B). An appeal may not be taken from the final order in a §2255 proceeding unless a judge issues a Certificate of Appealability ("COA"). *Id*. A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Moore has not satisfied this standard. Accordingly, a Certificate of Appealability shall not issue.

## CONCLUSION

For these reasons, the court will deny and dismiss the Motion as time-barred. A Certificate of Appealability shall not issue. A separate Order follows.


<u>December 30, 2015</u>         _____/s/_____
Date                                             RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE